UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **TASHAYLA C. PAIGE,** ) | |
| ) | |
| **Plaintiff,** ) | **Case: 3:23-cv-50053** |
| ) | |
| **v.** ) | |
| ) | |
| **WOODWARD, INC,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

## COMPLAINT

**NOW COMES** Plaintiff, TaShayla C. Paige ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Woodward, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., based on Defendant also terminating Plaintiff's employment because of their disability, pregnancy, and in retaliation for them attempting to assert their rights under the ADA and Title VII when Plaintiff reported harassment and discrimination on the basis of their disability and pregnancy. This lawsuit also arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices. Finally, this lawsuit arises under the Civil Rights Act of 1964, as amended, 42

U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race discrimination and retaliation under Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3.      Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., have occurred or been complied with.

7.      All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

8.      A charge of employment discrimination on basis of sex, disability pregnancy and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

9.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's

Notice of Right to Sue.

**PARTIES**

10.     At all times material to the allegations of this Complaint, Plaintiff resided in Winnebago County in the State of Illinois.

11.     At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Winnebago County whose address is 1 Woodward Way, Loves Park, IL 61111.

12.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

13.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A) and has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

14.     Plaintiff was hired by Defendant on or around November 1, 2021, and has been discriminated against, harassed, and constructively discharged.

15.     The Plaintiff was subjected to discrimination because of her disability or perceived disability, as well as her race (African-American).

16.     The Plaintiff's disability or perceived disability is a result of her pregnancy and for being a female.

17.     Defendant subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class because of her disability.

18.     The Plaintiff is a member of a protected class because of her pregnancy and being

3

female that has affected major life activities.

19.     The major life activities that have been affected by Plaintiff's disability include, but are not limited to, performing, moving, bowel movements, breathing, as well as an increased risk for heart conditions or death.

20.     Regardless of her disability, the Plaintiff is qualified to perform the essential functions of his job, with or without reasonable accommodation.

21.     Plaintiff was subjected to discrimination because of her disability.

22.     Plaintiff upon disclosing her pregnancy to the Employer provided medical documentation regarding the reasonable accommodations.

23.     These accommodations were increased bathroom breaks and the ability to sit as needed.

24.     Plaintiff was also subjected to discrimination because of her race.

25.     In or around November 2021, almost immediately after beginning her employment with Defendant, Plaintiff was subjected to racial remarks made by coworkers.

26.     These remarks included, but are not limited to, racially charged remarks regarding Plaintiff's fingernails, racially charged remarks regarding Plaintiff's hair, and racially charged remarks regarding Plaintiff's work ethic.

27.     Plaintiff reported these remarks to her supervisor, Matthew, however these remarks did not stop and no action was taken.

28.     The Plaintiff was distraught, humiliated and embarrassed by these comments and the fact no action was taken to stop them.

29.     Around early 2022, Plaintiff began to be discriminated against due to her pregnancy.

4

30. Plaintiff was denied a char to sit in as needed.

31. Plaintiff experienced a medical emergency and ignored by Defendant's medical department.

32. Plaintiff had a chair taken away from her while she was sitting.

33. Plaintiff immediately complained about this disparate treatment to HR however no action was taken.

34. Consequently, Plaintiff was informed she was not performing quickly enough, despite the fact she was 9 months pregnant.

35. In August 2022, Plaintiff returned from medical leave.

36. Plaintiff was immediately subjected to excess drug testing.

37. Furthermore, Plaintiff's short-term disability pay was withheld for over one month.

38. The Plaintiff continued to be targeted due to her pregnancy and related limitations and disability and/or perceived disability, as well as her race.

39. Facing constant discrimination and a hostile work environment, Plaintiff was constructively discharged on October 20, 2022.

40. The Plaintiff has and continue to suffer from stress and other mental anguish as a result of the Employer's unlawful conduct.

41. The Plaintiff has been discriminated against on the basis of her sex (female), pregnancy, perceived disability, race, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Pregnancy Discrimination Act ("PDA"), and Americans with Disabilities Act, as amended ("ADA").The Defendant effectively denied the request for reasonable accommodation and therefore did not engage with the Plaintiff in an

5

interactive process to determine the appropriate accommodation under the circumstances.

### COUNT I
### Disability-Based Harassment in Violation of
### Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

42.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of their disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

44.     Defendant knew or should have known of the harassment.

45.     The disability harassment was severe or pervasive.

46.     The disability harassment was offensive subjectively and objectively.

47.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to her disability.

48.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT II
### Disability Discrimination in Violation of the Americans with Disabilities Act ("ADA")

49.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

50.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

51.     Defendant terminated Plaintiff's employment on the basis of their disability.

52.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of the ADA.

53.     Plaintiff is a member of a protected class under the ADA, due to her disability.

54.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

55.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT III**</u>
**Retaliation in Violation of 42 U.S.C. § 12101, *et seq.***

56.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

57.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

58.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

59.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination.

60.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on their

7

reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

62.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

63.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

<u>COUNT IV</u>
**Pregnancy-Based Discrimination in Violation of the
Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of
1964, as amended, 42 U.S.C. § 2000e, *et seq*.**

64.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

65.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her pregnancy, in violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

66.     Defendant knew or should have known of the harassment.

67.     The pregnancy harassment was severe or pervasive.

68.     The pregnancy harassment was offensive subjectively and objectively.

69.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

70.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

71.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

72.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

73.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful pregnancy discrimination which created a sufficiently severe or pervasive work condition in violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

74.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

75.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

76.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the pregnancy-based discrimination, thereby violating the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

77.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

78.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT VI
**Demand for Relief for Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

79.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

80.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

81.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

82.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

83.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

84.     Plaintiff demands that this count be tried by a jury.

### COUNT VII
**Retaliation in Violation of 42 U.S.C. § 2000e, *et seq*.**

85.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

86.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

87.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

88.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

89.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

90.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

91.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

92.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

<u>**COUNT VIII**</u>
**Race-Based Discrimination in Violation of 42 U.S.C. § 1981**

93.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

94.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship.

95.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

96.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

97.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

### COUNT IX
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Race-Based Discrimination**

98.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

99.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

100.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

101.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

102.    By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.  Back pay with interest;

b.  Payment of interest on all back pay recoverable;

c.  Front pay;

d.  Loss of benefits;

e.  Compensatory and punitive damages;

f.  Reasonable attorneys' fees and costs;

g.  Award pre-judgment interest if applicable; and

h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 17th day of February, 2023.       Respectfully submitted,

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

13