# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| TASHAYLA PAIGE,<br><br>    Plaintiff,<br><br>v.<br><br>WOODWARD, INC. ,<br><br>    Defendant. | Case No.3:23-cv-50053<br><br><br>Honorable Judge Philip G. Reinhard |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND SUSPEND BRIEFING ON DEFENDANT'S MOTION TO DISMISS

**NOW COMES** Plaintiff Tashayla Paige ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), bringing this Motion for Leave to File her First Amended Complaint, and in support thereof, stating as follows:

1. On February 17, 2023, Plaintiff filed a Complaint ("original complaint") against Defendant Woodward, Inc 1. [Dkt. 1]

2. Plaintiff's claims against Defendant stem from Defendant's alleged disparate treatment of Plaintiff due to her disability.

3. Plaintiff's original complaint sought redress for violations of the Americans with Disabilities Act of 1990 ("ADA") and the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

4. On March 14, 2023, Defendant filed an unopposed Motion for Extension of time to Answer or Otherwise Plead. [Dkt. 6]

5. On March 30, 2023, Defendant filed a Motion to Dismiss Plaintiff's Complaint. [Dkt. 11]

1

6. The current deadline for Plaintiff to respond to the Motion to Dismiss is May 12, 2023.

7. After thoroughly analyzing Defendant's Motion, Plaintiff believes that most of the alleged deficiencies raised in Defendant's Motion can be cured through an amendment. Moreover, Plaintiff intends to remove certain counts to streamline her complaint.

8. Pursuant to Local Rule 15(b), Plaintiff is seeking to amend her complaint bolster and clarify Plaintiff's allegations regarding discrimination and harassment.

9. Pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires.

10. A court "should *freely* give leave to amend when justice requires so." *Independent Trust Corp. v. Stewart Information Services Corp*., 665 F.3d 930, 943 (7th Cir. 2012) (emphasis added).

11. "Rule 15(a) declares that leave to amend 'shall be *freely* given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

12. Here, there is no good cause to deny Plaintiff's proposed amendment.

13. Specifically, the amendment would not unduly prejudice Defendants because (1) this litigation is in its early stages and (2) the amendment would not impact any existing deadlines other than mooting out the briefing deadlines associated with Defendant's Motion.

14. Plaintiff seeks to amend her complaint in good faith.

15. Based on the foregoing, the interests of justice dictate that Plaintiff should be afforded the opportunity to amend her complaint.

16. Moreover, the Court should suspend briefing on Defendant's Motion to Dismiss as the proposed amendment, if granted, would render Defendant's Motion to Dismiss moot.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff leave to file her First Amended Complaint and grant any further relief the Court deems just and proper. In the event this Honorable Court denies Plaintiff's proposed amendment Plaintiff requests 14 additional days to respond to Defendant's motion to dismiss.

Dated: May 12, 2023

Respectfully submitted,

/s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (331) 272-1942
ataylor@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

I, Alexander J. Taylor, certify that on May 12, 2023, I caused the foregoing to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

/s/ *Alexander J. Taylor*